UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　Respondent. | No.  2:24-cv-1162 CSK P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

　　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

　　　　For the reasons stated herein, this court recommends that this action be dismissed.

　　　　Petitioner challenges the validity of his August 14, 2013 Sacramento County conviction for carjacking.  (ECF No. 1 at 2.)  The petition raises two claims for relief.  In claim one, petitioner alleges ineffective assistance of counsel based on counsel's failure to file a motion to dismiss on the grounds that the victim did not identify petitioner.  (Id. at 4.)  In claim two, petitioner alleges insufficient evidence to support his conviction on the grounds that the victim did not identify petitioner in the line-up.  (Id.)

1

In the instant petition, petitioner lists another action filed in this court in which he challenged the validity of his Sacramento County carjacking conviction: case no. 2:14-cv-0026 KJM EFB P. (Id. at 2.) In the petition filed in case no. 2:14-cv-0026, petitioner raised four claims: 1) ineffective assistance of counsel based on counsel's failure to interview alibi witnesses; 2) insufficient evidence to support conviction because petitioner's DNA was not found in the vehicle and petitioner's fingerprints were not found in the car or on the gun found in the car; 3) petitioner was not identified in the first police report based on the description given by the witness/victim; and 4) trial counsel failed to interview alibi witnesses.[1] (2:14-cv-0026 KJM EFB P at ECF No. 1 at 4-5.)

On February 25, 2015, the court dismissed 2:14-cv-0026 as barred by the statute of limitations. (Id. at ECF Nos. 25, 27.)

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in a district court without prior authorization by the court of appeals. Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once the district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits).

A habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." Id. Dismissal of a first habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive. Id. at 1030.

The instant petition is a second or successive petition because the court dismissed petitioner's previous petition challenging the same conviction, 2:14-cv-0026, as barred by the statute of limitations. This court must dismiss any second or successive petition unless the Court

---

[1] This court takes judicial of the court record in case no. 2:14-cv-0026 KJM EFB P. Fed. R. Evid. 201.

of Appeals has given petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  Burton, 549 U.S. at 157.

Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this petition.  As petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this court has no jurisdiction to consider petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition.  See Burton, 549 U.S. at 157.

Accordingly, IT IS HEREBY ORDERED that:

1.   Petitioner's application to proceed in forma pauperis is granted;

2.  The Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 24, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Weav1162.1562